## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OHIO
## EASTERN DIVISION

| | |
|---|---|
| James Pippin | ) |
| 494 S. 6th Street | ) |
| Steubenville, OH. 43952-2946 | ) Case No. 2:17-cv-598 |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) Amended Complaint With Jury Demand |
| | ) |
| Honorable Mayor Brad McCloud | ) |
| City of Reynoldsburg Ohio | ) |
| 7232 East Main Street | ) |
| Reynoldsburg, OH. 43068-2080 | ) |
| | ) |
| and | ) Judge Algenon L. Marbley |
| | ) Magistrate Judge Chelsey M. Vascura |
| Jim O'Neill, personally and as an | ) |
| employee/agent of City of Reynoldsburg | ) |
| Ohio, Division of Police | ) |
| 7240 East Main Street | ) |
| Reynoldsburg, OH. 43068-2014 | ) |
| | ) |
| and | ) |
| | ) |
| Shane M. Mauger, personally and as an | ) |
| employee/agent of City of Reynoldsburg | ) |
| Ohio, Division of Police | ) |
| Pekin Federal Correctional Institution | ) |
| 2600 S. Second Street | ) |
| Pekin, IL. 61554 | ) |
| | ) |
| and | ) |
| | ) |
| Fairfield County Ohio | ) |
| c/o Steven Davis, President | ) |
| 210 East Main Street, Room 301 | ) |
| Lancaster, OH. 43130-3879 | ) |
| | ) |
| and | ) |
| | ) |
| Kyle Witt, personally and as an employee | ) |
| and/or agent of Fairfield County Ohio | ) |
| and/or the State of Ohio | ) |

| | |
|---|---|
| 239 West Main Street, Suite 101 | ) |
| Lancaster, OH. 43130 | ) |
| | ) |
| Defendants | ) |

---

### AMENDED COMPLAINT WITH JURY DEMAND
---

Now comes Plaintiff James Pippin ("Pippin" or "Plaintiff"), by and through counsel Joseph S. Tann, Jr., Esq., pursuant to Federal Rule of Civil Procedure § 15(a)(1), to lodge this amended complaint, as a matter of course, against Defendants City of Reynoldsburg ("Reynoldsburg"), Jim O'Neill ("O'Neill"), Fairfield County Ohio ("Fairfield"), Kyle Witt ("Witt"), and Shane M. Mauger ("Mauger") for violation of constitutional, statutory and/or common law rights and to respectfully request compensation for resulting damages. In this connection, Plaintiff states, avers, and submits as follows:

### JURISDICTION AND VENUE

1. This action arises under the United States Constitution, Statutes of the United States and laws of the State of Ohio. The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983 et seq.; 28 U.S.C. §§ 1331 and 1343(3); the Constitution of the United States; and pendant jurisdiction as provided under 28 U.S.C. § 1376(a). Venue is proper in this judicial district pursuant to 28 U. S. C. § 1391(b).

### PARTIES

2. James Pippin ("Pippin") is an African-American man, who at all relevant times was a resident of the City of Reynoldsburg, County of Fairfield, State of Ohio. He now resides in the City of Steubenville, County of Jefferson, State of Ohio.

3. The City of Reynoldsburg ("Reynoldsburg") is a municipal governmental body politic, duly incorporated under the laws of the State of Ohio, located in the Counties of Franklin, Fairfield, and Licking in the State of Ohio and a suburb of the metropolis of Columbus, the capital of the State of Ohio. Reynoldsburg and/or ONeill collaborate with the Fairfield County Prosecutor, directly or indirectly through the Fairfield County Sheriff Major Crimes Unit, regarding common interests such as law enforcement and/or criminal prosecution. During all relevant time, Reynoldsburg was the employer of and had supervisory responsibility for and control over Chief Jim O'Neill ("O'Neill"), Lieutenant Shane M. Mauger ("Mauger") and Officer Tye Downard ("Downard").

4. O'Neill became Administrative and Operations Lieutenant in November 2000, Acting Chief in April 2012 and Chief on September 11, 2012. During all relevant time, O'Neill significantly contribute to if not directly responsible for directing, planning and/or organizing police operations, including supervising police staff and implementing training programs, and/or interpreting and enforcing relevant laws, rules and regulation. ONeill and/or Reynoldsburg collaborate with the Fairfield County Prosecutor, directly or indirectly through the Fairfield County Sheriff Major Crimes Unit, regarding common interests such as law enforcement and/or criminal prosecution. During all relevant times, O'Neill had supervisory responsibility for Mauger and Downard.

5. Mauger is a Caucasian-American male who during all relevant times was a City of Reynoldsburg division of Police officer. He was a supervising officer with

supervisory responsibility for Tye L. Downard ("Downard"), a Caucasian-American male who during all relevant times was a City of Reynoldsburg division of Police officer. As a consequence of the conviction of violating the constitutional right of citizens, such as Pippin, to be free from unreasonable search and seizure, Mauger is currently serving a 33-month sentence in the Pekin Illinois Federal Correctional Institution and is no longer a Reynoldsburg Division of Police officer. During all relevant times, Mauger was acting under color of state law.

6. Fairfield is a county governmental body politic, duly created under the laws of the State of Ohio, the seat of which is located Lancaster Ohio. The Office of the Fairfield County Prosecutor is an agency or department of Fairfield and the Fairfield County Prosecutor is an employee or agent of Fairfield. Fairfield collaborates with Reynoldsburg, a Fairfield municipality, regarding common interests such as law enforcement and/or criminal prosecution. During all relevant time, Fairfield was the employer of and had supervisory responsibility for and control over Witt.

7. Witt is a Caucasian-American male who during all relevant times was the Fairfield County Prosecutor. He acts on behalf of and for Fairfield County with respect to legal matters in general and the State of Ohio regarding criminal matters. Witt collaborates, directly or indirectly through the Fairfield County Sheriff Major Crimes Unit, with Reynoldsburg and ONeill regarding common interests such as law enforcement and/or criminal prosecution.

**GENERAL ALLEGATIONS**

8.      Notwithstanding the violation of his constitutional right against unreasonable search and seizure guaranteed by the US and State of Ohio Constitutions, Pippin was (1). wrongfully and unlawfully arrested and convicted for violation of drug and related crimes, and (2). His personal property was seized and retained by law enforcement agencies.[1] On September 16, 2015 Pippin was sentenced to fifty-four (54) months in jail pursuant to prosecution by the Fairfield County prosecutor.

9.      In response to federal charges of drug trafficking leading to a Federal Bureau of Investigation ("FBI") examination of his involvement with Mauger in violating the constitutional rights of citizens, such as Pippin, and conviction of Mauger for such violation, Downard committed suicide while incarcerated in the State of Ohio, County of Delaware jail. During all relevant times, Downard was acting under color of state law as a City of Reynoldsburg Police Officer.

10.     From on or around November 2006 through on or about February 18, 2016, Mauger knowingly and willfully conspired with Downard and others acting under color of state law to injure and oppress Pippin in the free exercise and enjoyment of the right to be free from unreasonable searches and seizures secured by the Fourth and Fourteenth Amendments to the Constitution of the United States and the right not to be deprived of property without due process secured by the Fourteenth Amendment to the Constitution of the United States. These transgressions violated federal law, namely 18 U.S.C. § 241. Mauger plead guilty to these violations on May 27, 2016 and on November 9, 2016

---

[1] On information and belief, these law enforcement agencies are the City of Reynoldsburg Police and the Fairfield County Sheriff Major Crimes Unit of which the Fairfield County Prosecutor is a member.

began serving two concurrent sentences of thirty-three (33) months each in federal prison.[2] S.D. Ohio Case No. 2:16-cr-00091-ALM (Doc. # 20).

11. On December 6, 2016, some fifteen (15) months after sentencing and some seven (7) months after Mauger plead guilty to violating Pippin's constitutional rights against unreasonable search and seizure and depriving him of property without due process, Pippin was ordered released from incarceration, having been unlawfully incarcerated for some nineteen (19) months. This was done because Mauger, alone and/or with others including Downard, caused false search warrants to be presented to judges, including the search warrant against Pippin, executed search warrants he knew to be based on false information, including the Pippin search warrant, stole money from police searches, including Pippin money and/or property, accepted money he knew or believed to be stolen from police searches, including Pippin money and/or property, planted illegal drugs to obtain drug convictions, including the drugs found in the Pippin residence pursuant to an illegal search, and/or falsified police reports, including the Pippin police report. After collaborating or otherwise consulting with Reynoldsburg and/or ONeill, the Fairfield County Prosecutor did not challenge the release.

12. At the time of his unlawful arrest on May 19, 2015 and wrongful conviction on September 16, 2015, Pippin was married, gainfully employed, residing with his family in a 4 bedroom home in a respectful middle class neighborhood in Reynoldsburg, Ohio and the owner and possessor of various and sundry personal property, including $2800 in cash; $4,350 in jewelry consisting of a pair of ¼ carat diamond earrings, three (3) men's

---

[2] Mauger was also sentenced to two (2) years of supervised release from imprisonment. S.D. Ohio Case No. 2:16-cr-00091-ALM (Doc. # 20).

rings, two (2) men's heirloom watches, and a diamond necklace; $1,250 in laptop computers; and a collection of old coins valued at $300 (the "Property").

13. As a consequence of the illegal and wrongful arrest and conviction of Pippin unconstitutionally orchestrated by Mauger, alone and/or with Downard, Pippin lost his liberty through incarceration, his wife, family, home, gainful employment and related wages, $4700 paid for residential damages caused during execution of the illegal search giving rise to his wrongful arrest and conviction, $1,150 in lost rental deposit, $42,000 paid for 2007 Chrysler 300c automobile, and the Property.

14. On information and belief, any and all discrepancies in the inventory of property taken from Pippin during the unconstitutional search of his residence, at which time illegal drugs were planted by Downard, when considered with the Property, such as $1500 in cash, $4,350 in jewelry, and $1,250 in laptop computers, is property taken by Mauger and Downard in furtherance of their nearly decade long taking of property without due process under color of state law, including the Property.

15. During the decade of Mauger and Downard rampage through the constitutional rights of Reynoldsburg citizens, such as Plaintiff, Reynoldsburg indifference to citizen complaints and/or other signals established a custom of tolerance or acquiescence of federal rights violations, such as violations of Plaintiff's due process and/or right against unreasonable search and seizure.

16. As Mauger and Downard violated constitutional rights of Reynoldsburg citizens, including Plaintiff's right to due process and against unreasonable search and seizure, for over a decade, O'Neill failed or refused to exercise the supervisory

responsibility for staff, including Mauger and/or Downard, with which he is charged which demonstrated the existence of a policy of inadequate supervision.

17. O'Neill, a Reynoldsburg Police official, now Chief of Police, with final decision making authority, recklessly and/or wantonly ratified the illegal actions undertaken by Mauger and Downard during their decade long pattern of unlawful violations of the constitutional rights of citizens, such as Plaintiff's right to due process and against unreasonable search and seizure, by failing and/or refusing to satisfy his responsibility to supervise Mauger and/or Downard. In doing so, ONeill acted with a conscious disregard of or deliberate indifference to the obvious risk of harm, caused by unlawful exercise of the police power, to those, including Plaintiff, to whom he has a duty of care thereby causing Plaintiff harm.

18. Pursuant to collaboration, consultation, and/or other joint consideration with Reynoldsburg and/or ONeill and practically immediately after Pippin requested compensation from Reynoldsburg regarding his unlawful search, arrest, prosecution and incarceration, Witt re-indicted Pippin to chill, impede, obstruct or otherwise dissuade him from pursuing this claim in court.

## COUNT I

## UNREASONABLE SEARCH AND SEIZURE

### (DEFENDANTS REYNOLDSBURG, ONEILL AND MAUGER)

19. Paragraphs 1 through 18 are restated here as if first made in this Count I.

20. Defendants are entrusted with the police power under State of Ohio law.

21. Defendants acted under color of state law in exercising the police power to violate and/or contribute, facilitate, and enable the violation of Plaintiff's constitutional right against unreasonable searches and seizures secured by the Fourth Amendment

22. Defendants subjected Plaintiff, a citizen of the United States and City of Reynoldsburg Ohio, to an unlawful search of his person and premises, invasion of rights of privacy guaranteed to he and his family, and warrantless seizure thereby depriving him of rights, privileges, or immunities secured by the US and/or State of Ohio constitution(s)

23. Defendants unlawful invasion of Plaintiff's right to be secure in his person, property and premises from unreasonable search and seizure damaged Plaintiff mentally, physically, and/or by loss of property.

24. Plaintiff respectfully requests an award of compensation for damages Defendants unlawful intrusion on Plaintiff's constitutional right to be free from the unreasonable search and seizure orchestrated by defendants against Plaintiff.

## COUNT II

## UNCONSTITUTIONAL TAKING OF PROPERTY

### (DEFENDANTS REYNOLDSBURG, ONEILL AND MAUGER)

25. Paragraphs 1 through 24 are restated here as if first made in this Count II.

26. Plaintiff's right against the taking of his property without just compensation and/or due process is secured by the US and State of Ohio constitutions.

27.     Defendants, acting under color of state law, exercised the police power to unlawfully seize Plaintiff's property without just compensation under the Fifth Amendment and/or due process under the Fourteenth Amendment to the US Constitution.

28.     Defendants, acting under color of state law, exercised the police power to unlawfully seize Plaintiff's property in violation of Article 1, Sections 1 and/or 19 of the Ohio Constitution.

29.     Defendants, acting under color of state law, exercised the police power to unlawfully convert Plaintiff's property to personal or other unauthorized use in violation of the Fifth Amendment, the Fourteenth Amendment to the US Constitution, and/or Article 1, Section 1 and/or 19 of the Ohio Constitution.

30.     As a consequence of this taking of Plaintiff's property by Defendants, Plaintiff was damaged.

31.     Plaintiff respectfully request an award of compensation for damages caused by Defendants violation of Plaintiff's right against the taking of his property in violation of the US and/or Ohio constitutions.

## COUNT III

## UNCONSTITUTIONAL TAKING OF LIBERTY

### (DEFENDANTS REYNOLDSBURG, ONEILL AND MAUGER)

32.     Paragraphs 1 through 31 are restated here as if first made in this Count III.

33.     Defendants, acting under color of state law, exercised the police power to unlawfully take Plaintiff's liberty in violation of the Fifth Amendment and/or the

Fourteenth Amendment to the US Constitution and/or Article 1, Section 1 and/or 19 of the Ohio Constitution.

34. Defendants, acting under color of state law, exercised the police power to unlawfully seize, arrest, imprison and otherwise restrain Plaintiff thereby denying him the liberty constitutionally secured under US and/or Ohio law.

35. As a consequence of this taking of Plaintiff's constitutionally secured liberty by Defendants, Plaintiff was damaged.

36. Plaintiff respectfully request an award of compensation for damages caused by Defendants' violation of Plaintiff's right against the taking of his liberty in violation of the US and/or Ohio constitutions.

## COUNT IV

## DEPRIVATION OF RIGHT TO REDRESS GRIEVANCES IN COURT

### (DEFENDANTS REYNOLDSBURG, ONEILL AND WITT)

37. Paragraphs 1 through 36 are restated here as if first mage in this Count IV.

38. Plaintiff presented Reynoldsburg with a claim for compensation for damages caused by his unlawful search, arrest, prosecution and/or incarceration on April 2, 2017. The presentation signaled resort to court if the claim was not privately resolved. Reynoldsburg consulted with ONeill and/or Witt in this regard.

39. Reynoldsburg refused to negotiate and rejected the claim. As a result, Plaintiff filed the instant action on July 11, 2017.

40. On information and belief, Reynoldsburg, ONeill, and Witt collaborated regarding Plaintiff's pursuit of satisfaction of his claim and decided to re-indict Plaintiff

as a means of dissuading him from obtaining satisfaction of his claim in court. The re-indictment occurred on July 24, 2017. This was two (2) weeks after the instant action was initiated, eight (8) months, i.e., 229 days, after the December 6, 2016 hearing at which the Fairfield County Prosecutor expressed no objection to Plaintiff's release from incarceration and four (4) months, i.e., 113 days, after Plaintiff presented his April 2, 2017 compensation request to Reynoldsburg.

41. Defendants, acting under color of state law, retaliatory exercised the prosecutorial power to unlawfully deprive Plaintiff of and/or restrain Plaintiff from exercise of the right to redress grievances in court constitutionally secured under the First and/or Fourteenth Amendments to the US Constitution.

42. As a consequence of this deprivation and/or restraint, Plaintiff was damaged.

43. Plaintiff respectfully request an award of compensation for damages caused by violation of Plaintiff's right to redress grievances in court in violation of the US and/or Ohio constitutions.

## COUNT V

## 42 U.S.C. § 1985 CONSPIRACY

### (DEFENDANTS REYNOLDSBURG, ONEILL AND WITT)

44. Paragraphs 1 through 43 are restated here as if first made in this Count V.

45. Retaliating against Plaintiff's exercise of his constitutionally protected right to redress his grievance against Reynoldsburg, ONeill and/or Mauger in court Witt conspired with Reynoldsburg and/or ONeill to deprive Plaintiff of and restrain Plaintiff

from pursuit and/or satisfaction of his grievance in court in violation of the First and/or Fourteenth Amendments of the US Constitution.

46. Acting overtly on behalf of the conspiracy, Witt pursued the objective of the conspiracy by re-indicting Plaintiff. The re-indictment proceeding has been perverted to attempt to accomplish the ulterior purpose for which it was not designed, to wit: depriving, restraining, obstructing and/or impeding Plaintiff's constitutionally protected right to redress his grievance in court.

47. Reynoldsburg, ONeill and/or Witt knew or should have known that the re-indictment would cause Plaintiff mental and/or economic hardship adversely affecting and/or otherwise chilling pursuit of his grievance in court.

48. Reynoldsburg, ONeill and/or Witt conspired against Plaintiff for his exercise of his constitutionally protected right to redress his grievances in court for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in a manner intended to deny Plaintiff, an African-American, equal protection of the laws afforded Caucasian-Americans, including protection against deprivation of the constitutional right to redress grievances in court.

49. Reynoldsburg, ONeill and/or Witt conspired against Plaintiff in retaliation for his exercise of this right to redress grievances in court the purpose of depriving, either directly or indirectly, Plaintiff, an African-American, equal protection of the laws afforded Caucasian-Americans, including protection against deprivation of the constitutional right to redress grievances in court.

50. As a consequence of this conspiracy, Plaintiff was damaged.

51.     Plaintiff respectfully requests an award of compensation for damages caused by the conspiratorial violation of Plaintiff's right to equal protection of the laws, including Plaintiff's right to redress grievances in court.

## COUNT VI

## INVASION OF PRIVACY

### (DEFENDANTS ONEILL AND MAUGER)

52.     Paragraphs 1 through 51 are restated here as if first made in this Count IV.

53.     Defendants, acting under color of state law, exercised the police power to wrongfully intrude into Plaintiff's life, liberty, home, family and/or private activities.

54.     Defendants wrongful intrusion caused Plaintiff and/or his family mental suffering, pain and/or humiliation and/or loss of property.

55.     Plaintiff respectfully request an award of compensation for damages caused by Defendants' violation of Plaintiff's right to privacy caused by Defendants unlawful invasion of Plaintiff's life, liberty, home, family and/or private activities.

## COUNT VII

## FALSE LIGHT

### (DEFENDANTS ONEILL AND MAUGER)

56.     Paragraphs 1 through 55 are restated here as if first made in this Count V.

57.     Defendants communicated or substantially contributed to the communication of the unlawful search, seizure, arrest, conviction, and/or imprisonment of Plaintiff in a manner which rendered such communication public knowledge or substantially certain to become a matter of public knowledge.

58. Defendants knew or should have known that communication of Plaintiff's search, seizure, arrest, conviction and/or imprisonment would justifiably cause Plaintiff to feel seriously aggrieved and offended in the eyes of the community.

59. Plaintiff experienced aggravation, offense, anguish, emotional distress, and anxiety as a consequence of the publicity which his unlawful search, seizure, arrest, conviction and/or imprisonment orchestrated by Defendants gave rise.

60. Plaintiff respectfully requests an award of compensation for damages caused by the false light invasion of Plaintiff's right to privacy orchestrated by Defendants.

## COUNT VIII

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (DEFENDANTS ONEILL AND MAUGER)

61. Paragraphs 1 through 60 are restated here as if first made in this Count VI.

62. Defendants knew or should have known that the orchestrated unlawful search, seizure, arrest, conviction and imprisonment of Plaintiff resulting in loss of family, home, and employment would, and in fact did, cause Plaintiff severe emotional distress, mental anguish and anxiety.

63. Defendants unlawful exercise of the police power and/or conduct was sufficiently outrageous and extreme to result in seized property, loss of family, loss of employment, criminal convictions and imprisonment.

64. Defendants unlawful conduct was the proximate cause of Plaintiff's emotional distress, mental anguish and anxiety.

65. As a consequence of Defendants unlawful conduct, Plaintiff suffered and continues to suffer permanent injury to his wrist and serious emotional distress regarding loss of his family, home, property and employment.

66. Plaintiff respectfully requests an award of compensation for damages caused by the emotional distress, mental anguish and anxiety proximately caused by Defendants unlawful conduct.

## COUNT IX

## LOSS OF CONSORTIUM

### (DEFENDANTS ONEILL AND MAUGER)

67. Paragraphs 1 through 66 are restated here as if first made in this Count VII.

68. Defendants unlawful search, seizure, arrest, conviction and/or imprisonment of Plaintiff proximately caused Plaintiff's spouse to experience emotional distress, mental anguish and anxiety leading to departure from her relationship with Plaintiff.

69. Defendants unlawful search, seizure, arrest, conviction and/or imprisonment of Plaintiff proximately caused, and continues to cause, Plaintiff the loss of the companionship, affection, love and/or support of his spouse

70. Plaintiff respectfully requests an award of compensation for damages caused by the loss of spousal consortium proximately caused by Defendants unlawful conduct.

## COUNT X

## CONVERSION

### (DEFENDANTS ONEILL AND MAUGER)

71. Paragraphs 1 through 70 are restated here as if first made in this Count VIII.

72. Plaintiff owned and/or had the right to possess various and sundry property, such as his home, automobile, computer, jewelry, and cash, unlawfully seized by Defendant.

73. Defendant unlawfully seized Plaintiff's property by wrongful acts giving rise to criminal prosecution, conviction, and imprisonment, including the unconstitutional seizure and taking of property without due process.

74. Defendant unlawfully seized Plaintiff's property and used such property for public and/or personal purposes without authorization, consent, and/or permission from Plaintiff.

75. As a consequence of Defendants' unlawful taking of Plaintiff's property, Plaintiff lost the enjoyment and/or use of such property to his detriment; consequently, Plaintiff was damaged.

76. Plaintiff respectfully requests an award of compensation for damages caused by Defendants conversion of Plaintiff's property to Defendants use, possession and/or enjoyment.

## COUNT XI

## OHIO REVISED CODE 2307.60

### (DEFENDANTS REYNOLDSBURG, ONEILL AND MAUGER)

77. Paragraphs 1 through 76 are restated here as if first made in this Count IX.

78. Mauger and Downard committed crimes for which Mauger was convicted and imprisoned.

79.     Reynoldsburg and/or ONeill aided and abetted the commission of these crimes by supervisory failure and deliberate indifference during the ten-year criminal rampage of Mauger and Downard.

80.     Plaintiff was injured in person and property as a result of the crimes committed by Defendants.

81.     As a consequence of the criminal acts of Defendants, Plaintiff was damaged in the form of physical and/or mental injury and loss of property.

82.     Plaintiff respectfully requests an award of compensation for damages caused by the criminal acts of Defendants causing Plaintiff to experience physical and/or mental injury and loss of property.

## COUNT XII

### OHIO REVISED CODE §2744.07(A) INDEMNIFICATION

**(DEFENDANTS REYNOLDSBURG AND FAIRFIELD)**

83.     Paragraphs 1 through 82 are restated here as if first made in this Count X.

84.     Ohio law requires public entities, such as Reynoldsburg and/or Fairfield County, to pay any tort judgment for compensatory damages for which employees, such as Witt, Mauger and/or O'Neill, become liable when acting within the scope of their employment.

85.     Mauger and O'Neill are or were employees of the City of Reynoldsburg. Witt is an employee of Fairfield County. Each acted within the scope of their employment in committing the misconduct described herein.

86.     Reynoldsburg and/or Fairfield County is statutorily liable for any and all compensation awarded Plaintiff for the unlawful conduct of Witt, Mauger and/or O'Neill damaging Plaintiff.

87.     Plaintiff respectfully requests an award of compensation against Reynoldsburg and/or Fairfield County for damages unlawfully caused by Witt, Mauger and/or O'Neill for which compensation is awarded Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendants for compensatory and punitive damages, costs, interest and attorney fees as well as any other relief this Honorable Court deems just and appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,
***LAW OFFICES OF JOSEPH S. TANN, JR., ESQ.***

_____
Joseph S. Tann, Jr.
1307 Seward St., Ste. 100
Evanston, IL. 60202-2128
847-864-4164 (Office)
847-332-0306 (Fax)
847-707-3006 (Cell)
tannj2@comcast.net (Email)
*Counsel for Plaintiff*