# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JAMES PIPPIN, | ) CASE NO. 2:17-cv-00598 |
| Plaintiff, | ) JUDGE MARBLEY |
| vs. | ) MAGISTRATE JUDGE VASCURA |
| CITY OF REYNOLDSBURG, et al., | ) **SUPPLEMENTAL MEMORANDUM OF DEFENDANTS CITY OF REYNOLDSBURG AND CHIEF O'NEILL IN SUPPORT OF THEIR MOTION TO DISMISS** |
| Defendants | ) |

Defendants City of Reynoldsburg and former Chief Jim O'Neill respectfully submit this supplemental brief in support of the Motion to Dismiss that was filed on October 3, 2018. Doc. 42. As this Brief demonstrates, all claims asserted by Plaintiff should still be dismissed with prejudice now that the United States Supreme Court has issued its decisions in *McDonough v. Smith*, No. 18-485 and *Knick v. Township of Scott, PA*, No. 16-647.

## I. LAW AND ARGUMENT

**A. The allegations contained within the Plaintiff's Amended Complaint fail to plausibly state any claims for relief against the City of Reynoldsburg or its former Police Chief Jim O'Neill.**

The issues decided by the Supreme Court in *Knick v. Township of Scott*, 139 S.Ct. 2162 (2019) and *McDonough v. Smith*, 139 S.Ct. 2149 (2019) should not have any bearing upon this Honorable Court's ruling on these Defendants' pending Motion to Dismiss. Notwithstanding the issues raised in those cases, the allegations contained within the Plaintiff's Complaint fail to plausibly allege § 1983 claims against the City of Reynoldsburg or former Chief O'Neill.

In order to state a claim against a municipality under § 1983, the plaintiff must show that the municipality itself, through a police or custom, caused the alleged constitutional violation.

*Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 691 (1978). In order to plausibly allege such a claim, the plaintiff must plead specific facts in support of the claim and may not merely state conclusory allegations. *Mathis v. Ohio Rehabilitation and Correctional*, S.D. Ohio No. 2:10-cv-574, 2010 WL 3982345 (Oct. 7, 2010), *1-2; *Benick v. Knox County Health Department*, S.D. Ohio No. 2:11-cv-0855, 2013 WL 2434374 (June 5, 2013), *3-4. There are no specific factual allegations that the alleged constitutional violations occurred pursuant to an official municipal policy. As a result, the constitutional claims against the City of Reynoldsburg should fail as a matter of law.

The same is true with the claims brought against former Chief O'Neill. The law requires that damage claims against governmental officials alleging violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right. *Terrance v. Northville Regional Psychiatric Hospital*, 286 F.3d 834, 842 (6th Cir.2002). Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act, based solely on the right to control employees or simple awareness of employee's misconduct. *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir.1999), *McQueen v. Beecher Cmty Sch.*, 433 F.3d 460, 470 (6th Cir.2006). The Amended Complaint is devoid of any factual allegations that could, if proven, state a claim against former Chief O'Neill under § 1983.

The facts alleged in the Amended Complaint are insufficient to state any § 1983 claims against the City of Reynoldsburg or former Chief O'Neill Accordingly, irrespective of the issues decided by the Supreme Court in *McDonough and Knick*, the Plaintiffs' § 1983 claims fail as a matter of law and should be dismissed.

**B.   Plaintiff's Fourth Amendment Search and Seizure claim remains barred by the applicable statute of limitations.**

In *McDonough v. Smith*, 139 S. Ct. 2149 (2019), the Supreme Court held that the statute of limitations for a "fabricated evidence claim" begins to run when the criminal proceedings terminate in his favor. In *McDonough*, the Supreme Court assumed, without deciding, the contours of a claim established under the law of the Second Circuit, a due process claim that individuals have the right not to be deprived of liberty as a result of the fabrication of evidence by a government officer. 139 S.Ct. 2149, FN 9. While the Plaintiff's Amended Complaint includes an allegation that the Reynoldsburg police officers fabricated evidence, the Plaintiff in this case has not asserted a "fabricated evidence" claim and, as a result, *McDonough* is inapplicable to the claims asserted by Plaintiff.

Instead, Plaintiff has asserted that his Fourth Amendment rights were violated because Reynoldsburg police officers conducted an unlawful search and his arrest was not supported by probable cause. Doc. 11, ¶21-24. *McDonough* does not alter the statute of limitations for these types of claim. The statute of limitations for a false arrest claim accrues at the time of the arrest. *Wallace v. Kato*, 549 U.S. 384, 396 (2007). Applying this precedent, this district has routinely held that a claim for an unlawful search and seizure accrues on the date that the search and seizure takes place. *Sharpe v. City of Springfield*, S.D. Ohio No. 3:10-cv-00027, 2010 WL 1258131 (Feb. 23, 2010); *Pethel v. Washington County Sheriff's Office*, S.D. Ohio No. 2:06-cv-799, 2007 WL 2359765 (Aug. 16, 2007); *Davis v. Clark County Bd. of Com'rs*, S.D. Ohio No. 3:08-cv-0412, 2010 WL 333651, *3 (Jan. 21, 2010) ("In instances of unlawful search and seizure, then the cause of action accrues when the injured person becomes aware that the search and property seizure occurred, not when the warrant is legally adjudicated to have been defective.")

As a result, any and all claims alleging that the search or his arrest was unlawful are barred by the applicable statute of limitations.

### C. The Reynoldsburg Defendants withdraw the affirmative defense that the Plaintiff failed to exhaust his state law remedies.

In the original Motion to Dismiss, the Reynoldsburg Defendants argued that Plaintiff had failed to exhaust his state law remedies as required by *Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985) and its progeny. This case and the requirement that state law remedies be exhausted was overruled by *Knick v. Township of Scott*, 139 S.Ct. 2162 (2019). As a result, the Reynoldsburg Defendants withdraw this defense.

The unavailability of this defense, however, is not determinative as to the pending Motion to Dismiss. The allegations contained within the Amended Complaint fail to allege the facts needed to state claims against these Defendants and this claim should nonetheless be dismissed.

Furthermore, these Reynoldsburg Defendants reserve the right to assert additional affirmative defenses regarding Plaintiffs taking claim, as may be developed during the course of discovery as to this claim.

## II. CONCLUSION

For these reasons, and the reasons contained within the Reynoldsburg Defendants' Motion to Dismiss and Reply in Support of that motion, all claims asserted by the Plaintiff should be dismissed with prejudice and these Defendants are entitled to judgment as a matter of law.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*s/Cara M. Wright*
MICHAEL S. LOUGHRY  (0073656) – Trial Attorney
CARA M. WRIGHT  (0084583)
175 South Third Street
Suite 1000
Columbus, OH  43215
(614) 228-5931
(614) 228-5934 – FAX
mloughry@mrrlaw.com
cwright@mrrlaw.com

*Counsel for Defendants City of Reynoldsburg and Jim O'Neill*

## CERTIFICATE OF SERVICE

I hereby certify that on Monday, August 12, 2019, a copy of the foregoing Supplemental Memorandum of Defendants City of Reynoldsburg and Chief O'Neill in Support of Their Motion to Dismiss was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/Cara M. Wright*
MICHAEL S. LOUGHRY  (0073656)
CARA M. WRIGHT  (0084583)

Counsel for Defendants Honorable Mayor Brad McCloud and Jim O'Neill

TRID-17C068/Supp.  Brief in Support of MtD